### FORMAN v MARION (city)

Ohio Appeals, 3rd Dist, Marion Co

No 885. Decided Jan 25, 1938

Carhart, Warner & Carhart, Marion, for appellant.

Paul D. Michel, Marion, Walter D. Moore, Ralph E. Carhart, Marion, for appellee.

### OPINION

By THE COURT:

The affidavit upon which the judgment of conviction herein is based charges that the appellant, Mrs. Emma Forman, on or about the 6th day of November, 1934, at the county of Marion and in the City of Marion unlawfully did then and there sell intoxicating liquor, to wit: one pint of whiskey, the said Mrs. Emma Forman not having been licensed by the Department of Liquor Control of the State of Ohio so to do contrary to Ordinance No. 3367 of the City of Marion.

The affidavit charging the offense is in conformity with the provisions of said ordinance.

The affidavit does not charge, and the ordinance does not prescribe, an offense of selling intoxicating liquor in violation of the terms of a license. That the ordinance does not prescribe such an offense is emphasized by the provisions of Section 4 of the ordinance relating to the method of proving the offense, which reads as follows:

"A certificate signed by the Director of the Department of Liquor Control of the State of Ohio, to which is affixed the official seal of the department stating that it appears from the records of the Department of Liquor Control of the State of Ohio, that no permit has been issued to the person or persons specified therein or that a permit if issued has been revoked, cancelled or suspended, shall be received as prima facie evidence of the facts therein recited, in any court or before any officer of this state."

It is therefore obvious that if Mrs. Emma Forman had at the time of such sale been licensed by the Department of Liquor Control to sell intoxicating liquors she was not subject to conviction upon such affidavit and under said ordinance irrespective of the fact that such sale may have been made in violation of the terms of such license.

The phrase "not having been licensed so to do by the Department of Liquor Control of the State of Ohio", appearing in the

affidavit and adopted from the █ language of the provisions of the ordinance, enters into the description of the offense charged and the burden was upon the city to prove this fact by evidence of the degree required in criminal cases to authorize the conviction of Mrs. Emma Forman of the offense charged Cheadle v State, 4 Oh St 477; Moody v State, 1? Oh St 110.

As shown by the bill of exceptions the city failed to avail itself of the method of proving this fact prescribed by the ordinance, and there is no other evidence directly tending to prove such fact.

However, it is contended by the city that as there is evidence that the sale of intoxicating liquor was made by Mrs. Emma Forman in the kitchen of her house, residence, home, that she could not have been licensed under the laws of Ohio to make such a sale of intoxicating liquor and consequently that such evidence indirectly tends to prove that such sale was made without a license.

Under the provisions of §6064-15 GC in effect when the offense charged was committed, three types of permits for the sale of spirituous liquor, including whiskey might be issued to individuals as follows:

"Permit D-3: A permit to the owner or operator of a hotel or restaurant licensed pursuant to §843-2 GC, or a club, boat or vessel, to sell spirituous liquor at retail, in glass and from the container, for consumption on the premises where sold, only at tables where meals are served."

"Permit D-5: A permit to the owner or operator of a night club to sell beer and any intoxicating liquor, at retail, in glass and from the container, for consumption on the premises where sold, only at tables where meals are served."

"Permit G: A permit to the owner of a drug store in charge of a registered pharmacist to be named therein, for the sale of any intoxicating liquor or alcohol upon the written prescription of a physician or dentist who is lawfully and regularly engaged in the practice of his profession in this state." * * *

None of the provisions of said §6064-15 GC, relating to the issuance of such permits prohibits the issuance thereof to persons residing in or making their home in the premises where such intoxicating liquor may be sold under the same, and such prohibition does not appear in any other section of the General Code, so the evidence as to the place of sale does not tend to prove that the accused was not licensed to make the same. And there is no evidence tending to prove that the accused did not come within one or more of the classes of persons to whom such permits might be issued, which precludes any inference therefrom that she was not licensed.

The state of the evidence being as above set forth the contention of the city, above referred to, is without merit; and taking the record as a whole, there is no evidence tending to prove the offense charged.

The Municipal Court therefore erred in overruling the motion of Mrs. Emma Forman made at the close of █ city's evidence and renewed at the close of all the evidence, to dismiss said complaint on the ground that it was not sustained by sufficient evidence, and in its judgment of conviction and sentence, and the Common Pleas Court erred in affirming the judgment of the Municipal Court. And this court will therefore reverse such judgments and entering the judgment that the Municipal Court should have entered upon said motion, will enter final judgment in favor of the appellant, Mrs. Emma Forman, at costs of the appellee, the City of Marion.

GUERNSEY, PJ, and KLINGER, J, concur. CROW, J, concurs in the judgment.